■ In the Matter of PETER S. HUSSEY, Petitioner, v. MICHAEL N. PETITO et al., Respondents.— Proceeding pursuant to article 78 of the CPLR for reinstatement of petitioner to the position of Superintendent of Parks for the Town of Oyster Bay, Nassau County, from which he was discharged after a hearing. The matter was transferred to this court for disposition by order of the Supreme Court, Nassau County, entered August 16, 1965 pursuant to statute (CPLR 7804, subd. [g]). Determination confirmed, without costs. Petitioner, because of his conflict of interests, was removed from his public position. In our opinion, his private business relationships with a prime town contractor and his private business dealings with suppliers of products to the

town were improper. Petitioner's private business placed him in a dual role, since his personal financial interests could have been antagonistic to his public responsibility in superintending the work of those performing contracts for the town and in approving claims by them against the town. It matters not that, as has been claimed, the town did not suffer pecuniary loss. The board was wholly justified in removing an employee who assumed the ambivalent position here presented. To insure honest and sound administration of its governmental responsibilities, a municipality must have the power of removal where an employee's simultaneous public responsibilities and personal business interests provide him with the easy opportunity for improper conduct or gain. We have considered all the other points raised in this proceeding and find it unnecessary to expressly comment upon them. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.